IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KATHERINE M.,[1]

      **Plaintiff,**

v.

      Civil Action 2:24-cv-1259

      Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## OPINION AND ORDER

Plaintiff, Katherine M., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits ("DIB").  This matter is before the Court on Plaintiff's Statement of Specific Errors (SSE, ECF No. 8), the Commissioner's Memorandum in Opposition (Resp., ECF No. 10), and the Administrative Record (R., ECF No. 6).  Plaintiff did not file a reply.  For the reasons that follow, the Court **SUSTAINS** Plaintiff's Statement of Errors (ECF No. 8), **REVERSES** the Commissioner of Social Security's non-disability finding and **REMANDS** this case to the Commissioner and the ALJ under sentence four of 42 U.S.C. § 405(g).

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

I.      **BACKGROUND**

Plaintiff protectively[2] filed her application for DIB on June 16, 2021, alleging that she has been disabled since March 23, 2020, due to coronary artery fistula, pericardial effusion, nerve damage in her back, and sleeplessness/anxiety at night. (R. at 15, 164–170, 183.) Plaintiff's application was denied initially in April 2022 and upon reconsideration in July 2022. (*Id.* at 64–88, 95–99.) Plaintiff sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 100–101.) ALJ Noceeba Southern held a telephone hearing on December 16, 2022. (*Id.* at 36–63.) Plaintiff, who was represented by counsel, appeared and testified at the hearing. (*Id.*) A vocational expert ("VE") also appeared and testified. (*Id.*) On January 12, 2023, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 12–31.) The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (*Id.* at 1–6.)

This matter is properly before this Court for review.

II.      **RELEVANT RECORD EVIDENCE**

The Court has thoroughly reviewed the record in this matter. Instead of summarizing that information here, the Court will discuss it as necessary below.

III.      **ADMINISTRATIVE DECISION**

On January 12, 2023, the ALJ issued her decision. (R. at 12−31.) The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31,

---

[2] A protective filing date is deemed to be the date a claimant first contacted the Social Security Administration about filing for disability benefits. It may be used to establish an earlier application date than when the Social Security Administration received the claimant's signed application. *See* http://www.ssa.gov/glossary.

2025. (*Id.* at 17.) At step one of the sequential evaluation process,[3] the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 23, 2020, the alleged onset date. (*Id.*) At step two, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia; post COVID syndrome; scoliosis; cervical radiculopathy; cervical degenerative disc disease; chronic kidney disease; coronary artery fistula; and pericardial effusion. (*Id.* at 17–18.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 19–21.)

Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can frequently climb ramps or stairs; never climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop; frequently kneel or crouch; occasionally crawl; and must avoid hazards (including moving machinery, heavy machinery, and unprotected heights). She would be off task up to 8% of the work day due to fatigue.

---

[3] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Hensley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

(*Id.* at 21–26.)

At step four of the sequential process, relying on the VE's testimony, the ALJ determined that Plaintiff "is capable of performing past relevant work as a benefits clerk and as a customer service representative," and "[t]his work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity." (*Id.* at 26.) The ALJ therefore concluded that Plaintiff has not been disabled since March 23, 2020. (*Id.* at 27.)

## IV.  STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence

4

standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

V.     ANALYSIS

Plaintiff raises several issues in her Statement of Errors. First, Plaintiff contends that the ALJ failed to properly apply the criteria of Social Security Ruling 16-3p and as a result, erroneously found that the effect of the combination of Plaintiff's symptoms, including fatigue and bathroom use, allowed her to engage in work on a full-time and sustained basis. (SSE at PageID 1133−40.) Second, Plaintiff argues that the ALJ erred because "the ALJ failed to include any limitation regarding Plaintiff's frequent need to use the bathroom" in the RFC determination. (*Id.* at PageID 1138.) Third, Plaintiff claims that the ALJ's finding that Plaintiff could perform her past relevant work was not supported by substantial evidence. (*Id.* at PageID 1140−43.)

The Commissioner counters that the ALJ properly evaluated Plaintiff's subjective complaints, particularly regarding her fatigue and urinary urgency. (Resp. at PageID 1147, 1150–56.) The Commissioner argues that the ALJ's RFC determination was supported by substantial evidence, relying primarily on the fact that the ALJ "found Plaintiff to be more limited than any of the medical opinions or prior administrative medical findings in the record." (*Id.* at Page 1147, 1156–58.) The Commissioner also contends that "the ALJ properly found that Plaintiff could do her past relevant work at step four of the sequential evaluation" because "the ALJ's decision was supported by substantial evidence." (*Id.* at PageID 1147, 1158–59.)

The Court finds, as discussed below, that there is not substantial evidence to support the ALJ's decision to omit limitations related to Plaintiff's urinary issues. This finding obviates the

5

need for in-depth analysis of the remaining issues. Thus, the Court need not, and does not, resolve the alternative bases that Plaintiff asserts support reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's other arguments if appropriate.

The ALJ found that Plaintiff's severe impairments included her chronic kidney disease. (R. at 17.) The ALJ noted Plaintiff's hearing testimony that "[s]he goes to the bathroom 2–3 times an hour due to her kidney impairment." (*Id.* at 22.) The ALJ evaluated the record with regard to Plaintiff's kidney disease as follows:

> With respect to [Plaintiff]'s kidney disease, the more recent record supports some abnormal renal function and [Plaintiff] had some persistent fatigue, nausea, dizziness, and urinary urgency related to this condition. She had a consultation for abnormal renal function in July 2022 (Ex. 18F/5). She had some persistent fatigue at this time. Her eGFR had been decreased since at least 2020, and this was consistent with mild chronic kidney disease. She was noted to have an acute kidney injury later that month (Ex. 19F/14). She also had some chronic nausea.
>
> She had worsening abdominal pain and urinary urgency in August 2022 (Ex. 19F/9). She also had worsening dizziness (Ex. 21F/61). A CT of the abdomen showed no suspicious renal masses (Ex. 19F/7). A renal ultrasound in August 2022 was normal (Ex. 19F/24). She had urinary urgency and abdominal tenderness to palpation (Ex. 21F/31). She had episodes of dizziness four times per week in October 2022, for a few minutes at a time (Ex. 21F/20).

(*Id.* at 23–24.) The ALJ noted that prior administrative medical findings of the state agency consultants were insufficient.

> In particular, the combination of symptoms related to [Plaintiff]'s cardiac condition, back impairment, fibromyalgia, and kidney disease, including fatigue, shortness of breath, pain, and urinary urgency, support more significant exertional limitations to the sedentary level, and a need to be off task up to 8% of the work day.

(*Id.* at 25.) The ALJ also questioned the VE regarding Plaintiff's ability to work with limitations to accommodate her urinary issues.

Q: No, thank you. I'm okay. Can you please assume a hypothetical individual of the same age, education, background, and work experience as [Plaintiff], with the residual functional capacity to perform as stated in hypothetical number one, except that this hypothetical individual would be limited to sedentary work. This hypothetical individual would also be off task up to eight percent of the day due to fatigue and/or need to use the restroom, and all other respects and limitations in the hypothetical number one would remain. Can this hypothetical individual perform any past work, or any other work in the national economy?

A: I have a multiple part answer, Your Honor.

Q: Okay.

A: Past work can be performed at the sedentary exertional level being off task eight percent. Using the restroom multiple times is not the same as being off task. If an individual requires additional breaks, it's an accommodation, and is work preclusive.

Q: So let me put it down this way. If the hypothetical individual is off task up to eight percent of the day due to fatigue and − due to fatigue, can this hypothetical individual perform any past work?

A: Yes, past work can be performed.

Q: Okay. Can you please assume a hypothetical individual of the same age, education, background, and work experience as [Plaintiff], with the residual functional capacity to perform as stated in hypothetical number two, except that rather than being off task eight percent of the day, this hypothetical individual would be off task up to 15 minutes of the day, spread throughout the course of the day, in increments of three to four minutes, which may allow for restroom breaks, the use of the restroom, and all other respects of the limitations of hypothetical two will remain, can this hypothetical individual perform any past work, or any other work in the national economy?

A: Even though the individual wouldn't be off task for ten percent or more, which is work preclusive based on my experience, if the time is allotted to go to the restroom, it's an additional break, and is an accommodation and work preclusive.

Q: Okay.

A: It's not off task, based on my experience.

Q: Okay. So then that would be work preclusive.

A Yes, it would be, Your Honor.

(*Id.* at 60−61.)

The ALJ, however, did not provide any explanation as to why she omitted a limitation regarding Plaintiff's bathroom use.  The ALJ did not make any findings as to whether Plaintiff required unscheduled bathroom breaks and if so, how many.  The Court is "unable to understand how the ALJ arrived at [her] conclusions, thereby preventing the Court from meaningful judicial review." *Kevin B. v. Comm'r of Soc. Sec.*, No. 2:22-CV-2552, 2023 WL 4199086, at *7 (S.D. Ohio June 26, 2023).  Under such circumstances, remand is required. *Charles K. v. Comm'r of Soc. Sec.*, No. 2:21-CV-5111, 2022 WL 1044722, at *6 (S.D. Ohio Apr. 7, 2022), (citing *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (finding that "the ALJ's decision still must say enough 'to allow the appellate court to trace the path of his reasoning.") (quotation omitted), report and recommendation adopted, 2022 WL 1211427 (S.D. Ohio Apr. 25, 2022).

Notably, while the ALJ relied on the VE's testimony in other respects, she does not address the VE's conclusion that additional time allotted to restroom use would be work preclusive.  (R. at 60–61; *see also Hubbard v. Comm'r of Soc. Sec.*, No. 11-11140, 2012 WL 883612, at *7 (E.D. Mich. Feb. 27, 2012) (remanding case because the ALJ failed to address plaintiff's need for bathroom breaks, in part because the ALJ made "no reference to the expert's conclusion about the impact of frequent bathroom breaks on claimant's employability") (quotation omitted), report and recommendation adopted, No. 11-11140, 2012 WL 858636 (E.D. Mich. Mar. 14, 2012).

In light of the record and the ALJ's analysis, the Court finds that she should have made a specific finding regarding whether Plaintiff's urinary urgency would be work preclusive.  "If there is conflicting evidence which is material to the outcome of the case, but the ALJ fails to resolve it, the denial of benefits is not substantially justified." *Justin P. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-CV-325, 2023 WL 2456854, at *4 (S.D. Ohio Mar. 10, 2023) (quotation and

8

citation omitted) (remanding case and finding that even if the ALJ did not find the plaintiff's bathroom-related symptoms fully credible, "she should have made a specific finding regarding whether these conditions would cause additional breaks during the workday, since the vocational experts had testified that two additional fifteen-minute breaks would be work preclusive"); *see also Pelphrey v. Comm'r of Soc. Sec.*, No. 3:14-CV-303, 2015 WL 7273110, at *5 (S.D. Ohio Nov. 18, 2015) (finding that ALJ's RFC determination was unsupported by substantial evidence, in part because ALJ failed to make specific finding regarding the plaintiff's bathroom breaks in light of VE testimony regarding the work-preclusive effects of the plaintiff's bathroom-related issues) report and recommendation adopted *sub nom.*, 2016 WL 1109094 (S.D. Ohio Mar. 21, 2016).

In response to Plaintiff's argument regarding the ALJ's RFC determination, the Commissioner fails to address Plaintiff's claim that the ALJ erred by omitting limitations to address Plaintiff's urinary issues. The Commissioner also does not distinguish any of the relevant case law that Plaintiff cited.

Accordingly, on this record, the Court finds that there is not substantial evidence to support the ALJ's decision to omit limitations regarding Plaintiff's urinary urgency issues. Plaintiff's assertion of error with regard to the ALJ's RFC determination is **SUSTAINED**.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Statement of Errors (ECF No. 8) is **SUSTAINED.** The decision of the Commissioner is therefore **REVERSED** and this action is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this case pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.


Date: December 19, 2024          */s/ Elizabeth A. Preston Deavers*
                                 **ELIZABETH A. PRESTON DEAVERS**
                                 **UNITED STATES MAGISTRATE JUDGE**